UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FELDON BUSH, Sr., JAMES HILL, :
and ANTHONY ALLEN,
: CIVIL ACTION NO. 1:10-2246
**Plaintiffs,**
: (RAMBO, D.J.)
v. (MANNION, M.J.)
:
ED RENDELL, Governor, *et al.*,
:
**Defendants.**

### REPORT AND RECOMMENDATION[1]

Plaintiffs Bush, Hill, and Allen, proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. §1983 against defendants Rendell, Lamas, Moore-Smeal, Rogers, Conklin and Desabato. On April 25, 2011, the plaintiffs filed their amended complaint, and the plaintiffs also filed a motion for class certification. (Doc. No. 25 at 8). For the reasons set forth below, the court recommends that the plaintiffs' motion for class certification be **DENIED**.

In addition, presently pending before the court is plaintiffs' motion for a temporary restraining order/preliminary injunction ("TRO/PI"). (Doc. No. 53). For the reasons set forth below, the court recommends that the plaintiffs'

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

motion for TRO/PI be **DENIED.**

I.   **Motion for Class Certification**

In the *pro se* plaintiffs' amended complaint, the plaintiffs seek "certification of a class consisting of all state inmates who are similarly situated through-out the state who are, or would be, confined in the state penal system and transferred to a county facility within the state to serve their state sentence." (Doc. No. 25 at 8).

A class action can be maintained only if the class representative "will fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(a)(4). Courts considering the issue have held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action. *Sosa v. Delaware State Police*, No. 03-0430, 2004 U.S. Dist. LEXIS 21015, at*5 (D. Del. Sept. 23, 2004) (quoting *Maldonado v. Terhune*, 28 F. Supp. 2d 284, 299 (D.N.J. 1998) (citing *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992), *aff'd* by 995 F.2d 216 (3d Cir. 1993)). Because the plaintiffs are prisoners proceeding *pro se*, the court recommends that the plaintiffs' motion for class certification be **DENIED**.

II.   **Motion for TRO/PI**

When considering a motion for injunctive relief, such relief will be

granted if the moving party can show "(1) a reasonable probability of eventual success in the litigation, (2) that irreparable injury will ensue if relief is not granted, (3) granting preliminary relief will not result in even greater harm to other parties, and (4) granting preliminary relief will be in the public interest." *SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1254 (3d Cir. 1985). To prove "irreparable injury" a plaintiff must demonstrate actual and immediate injury, rather than a possibility of future harm. *Continental Group, Inc. v. Amoco Chemical Corp.*, 614 F.2d 351, 359 (3d Cir. 1980); *Ammond v. McGahn*, 532 F.2d 325, 329 (3d Cir. 1976). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Systems*, 753 F.2d at 1264.

Here, the plaintiffs' motion, and the attached exhibits, indicate that the plaintiffs seek a TRO/PI based on alleged past violations of their constitutional rights. More specifically, the plaintiffs primarily complain about the opening of legal mail, confiscation of legal papers, inadequate medical treatment, false disciplinary charges, discrimination, interference with grievances, as well as retaliation by various employees at Centre County Correctional Facility. Despite plaintiffs' extensive discussion of the alleged *prior* violations of their

3

constitutional rights, the plaintiffs' motion does not indicate that there is a "presently existing actual threat." *Holiday Inns of America, Inc. V. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969). Consequently, the court cannot find that absent injunctive relief, the plaintiffs will suffer irreparable harm. *See Adams v. Freedom Forge Corp.*, 204 F.3d 475, 487 (3d Cir. 2000) (citing *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992); *Frank's GMC Truck Ctr.*, 847 F.2d 100, 102-03 (3d Cir. 1988)).

Moreover, even assuming that the plaintiffs' are presently in danger of suffering irreparable harm, the plaintiffs' motion and exhibits do not indicate that any of the named defendants are committing the alleged violations of their constitutional rights. Rather, the plaintiffs' motion and exhibits indicate that these alleged violations of their constitutional rights are being committed by various employees at Centre County Correctional Facility who are not named defendants in this action. As such, the court cannot award the injunctive relief that the plaintiffs are seeking. *See* Fed. R. Civ. P. 65 (injunctions and restraining orders can only be granted against a party to the action after proper notice is given).

Finally, the court notes that it appears the plaintiffs are complaining, in part, about violations of their constitutional rights that occurred after the

4

plaintiffs filed the amended complaint. As such, to the extent plaintiffs are complaining about events that occurred after they filed the amended complaint, any such allegations are not relevant to the present action. Therefore, to the extent the plaintiffs wish to pursue these newly added claims, they would have to file a new complaint, and pay the appropriate filing fee.

Consequently, the court recommends that the plaintiffs' motion for TRO/PI be **DENIED**.

### III. RECOMMENDATION[2]

For the reasons elaborated above, **IT IS RECOMMENDED THAT:**

**(1)** Plaintiffs' motion for class certification, (Doc. No. 25), be **DENIED**; and

**(2)** Plaintiffs' motion for a TRO/PI, (Doc. No. 53), be **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE:** May 11, 2011
O:\shared\REPORTS\2010 Reports\10-2246-01.wpd

---

[2] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.