IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FELDON BUSH, SR.;** <br> **JAMES HILL;** <br> **ANTHONY ALLEN,** | **CIVIL NO. 1:CV-10-2246** |
| **Plaintiffs** | **(Judge Rambo)** |
| v. | **(Magistrate Judge Mannion)** |
| **ED RENDELL, GOVERNOR,** *et al.*, | |
| **Defendants** | |

## O R D E R

Before the court is a report and recommendation of Magistrate Judge Mannion which addresses only the issues of class certification and a motion for a temporary restraining order/preliminary injunction. The magistrate judge recommends that Plaintiff's motion for class certification be denied, citing *Sosa v. Delaware State Police*, No. 03-0430, 2004 U.S. Dist. LEXIS 21015 at *5 (D. Del. September 23, 2004)(quoting *Maldeonado v. Terhune*, 28 F. Supp.2d 284, 299 (D. N. J. 1998) (citing *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992), *aff'd* 98 F.2d 216 (3d Cir. 1993).

The magistrate judge also recommends that the motion for a temporary restraining order and a preliminary injunction be denied because Plaintiffs seek relief based on alleged past violations and there is no indication that there is a present threat of harm. The magistrate judge also indicated that the acts for which the temporary restraining order and preliminary injunction was sought to enjoin were not committed by any of the named defendants. Plaintiffs have filed a motion for reconsideration of the report and recommendation which will be deemed to be objections to the report and recommendation.

The recommendation that the motion for class certification be denied will be adopted; however, the request for a temporary restraining order and preliminary injunction as to mail interference only will require additional information.

In the objection to the report and recommendation, Plaintiffs assert that mail to this court was intercepted by correctional facility employees and sent back to Plaintiffs and that a court order sent to Plaintiffs was opened by the warden. Thus, this claim is ongoing and appears to be a hindrance to Plaintiffs' access to this court. Plaintiff Bush will be directed, to the best of his ability, to identify to this court those persons who are interfering with his mail.

**IT IS THEREFORE ORDERED THAT:**

1) The court adopts in part and rejects in part the report and recommendation of Magistrate Judge Mannion.

    a) The recommendation that the motion for class certification be denied is adopted and the motion for class certification is **DENIED**.

    b) The recommendation that the motion for a temporary restraining order and preliminary injunction be denied is accepted in part. The recommendation is not accepted at this time as to the allegations of prison officials interfering with Plaintiffs' mailings to this court and disposition of the motion is deferred pending further order of court.

2) No later than July 6, 2011, Plaintiff Bush shall supply to this court the names of the prison officials allegedly interfering with his mail. To the extent that these persons are not named defendants in the present action, Plaintiff Bush shall file an amended complaint.

      3) If Plaintiff Bush names any of the current Defendants as actors in the mail interceptions, it is within the discretion of the magistrate judge to hold a hearing on this issue.

      4) This matter is remanded to Magistrate Judge Mannion.

                                                    s/Sylvia H. Rambo
                                                    United States District Judge

Dated:  June 21, 2011.