IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FELDON BUSH, SR.; JAMES HILL; and ANTHONY ALLEN,** | **CIVIL NO. 1:10-CV-2246** |
| Plaintiff | **(Judge Rambo)** |
| v. | **(Magistrate Judge Mannion)** |
| **ED RENDELL, GOVERNOR,** *et al.*, | |
| Defendants | |

# **M E M O R A N D U M**

Before the court is a report of the magistrate judge to whom this matter was referred in which he recommends that the motions to dismiss filed by the County Defendants and the Commonwealth Defendants be dismissed; that Plaintiffs' motions for a temporary restraining order/preliminary injunction, for mandatory injunctions, to compel and for temporary restraining order be denied as moot. Plaintiff Allen has filed objections.

The history of this case is fully set forth in the report and recommendation of the magistrate judge (doc. 173) and will not be repeated herein. The report and recommendation addressed the issues raised in the first amended complaint to which Plaintiffs agreed.

The grievance of the complaints by Bush, Hill and Allen is that they were transferred from a state correctional institution to a county facility because of overcrowding issues within the Department of Corrections. Plaintiffs claim that the conditions of confinement at the Centre County Correctional Facility at Bellefonte, Pennsylvania are more onerous than at SCI-Rockview in which they were previously confined.

The magistrate judge recommended dismissal of the complaint against the Commonwealth and County Defendants as they were acting in their official capacities and are, therefore, immune from suit. The magistrate judge further found that there was no policy or custom by Centre County that caused a constitutional violation.

The magistrate judge recommended that Plaintiffs' due process claim be dismissed based on the fact that an inmate has no constitutional right to placement in any particular correctional institution, citing to *Olim v. Wakinekona*, 461 U.S. 238, 245 and n.9 (1983), and 61 Pa. Cons. Stat. § 1151(a), among other cites.

Plaintiffs also raised First, Eighth, and Fourteenth Amendment claims on behalf of other inmates. The magistrate judge recommended that these claims be dismissed as Plaintiffs lack standing to raise claims on behalf of others.

The magistrate judge recommended that Bush's Eighth Amendment claim for denial of medical care be dismissed as he failed to allege that any of the named defendants denied him treatment.

The magistrate judge found that Plaintiffs failed to meet the requirements of stating a Fourth Amendment claim of violation of equal protection and explained that in order to state an equal protection violation, they must show that they were similarly situated to and treated differently from others and that this discrimination was purposeful or intentional rather than incidental. The latter elements are missing in Plaintiffs' complaint and, thus, they failed to state a claim.

On January 4, 2012, Plaintiff Allen filed a response and opposition to the report and recommendation (doc. 176) and a brief in support thereof (doc. 177). On January 23, 2012, Allen filed a request to withdraw his response to the report and recommendation and stated his desire to file an appeal with the court of appeals.

(doc. 180).  On January 6, 2012 and February 15, 2012, Plaintiff Bush filed Notices of Appeal (docs. 178 and 182) with the district court.  Bush did not file objections to the report and recommendation.

A magistrate judge's report and recommendation is not a final, appealable order under 28 U.S.C. § 1291.  Therefore, the notices of appeal by Allen and Bush will be stricken.  The court will address at a later date Allen's objections as filed under documents 176 and 177.  Plaintiff Bush will be given an opportunity to file objections to the report and recommendation.  These objections must only address the issues set forth in the report and recommendation.

An appropriate order will be issued.

s/Sylvia H. Rambo  
United States District Judge

Dated:  February 24, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FELDON BUSH, SR.; JAMES HILL; and ANTHONY ALLEN,**<br><br>**Plaintiff**<br><br>v.<br><br>**ED RENDELL, GOVERNOR,** *et al.*,<br><br>**Defendants** | **CIVIL NO. 1:10-CV-2246**<br><br>**(Judge Rambo)**<br><br>**(Magistrate Judge Mannion)** |

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The notices of appeal (docs. 178, 180, and 182) are **STRICKEN**.

2) No later than March 12, 2012, Plaintiff Bush may file objections to the report and recommendation (doc. 173) addressing only those issues addressed in the report and recommendation.

3) Plaintiff Bush's failure to restrict the objections to the issues addressed in the report and recommendation will result in the striking of those objections.

4) The court will not permit Plaintiff Allen to file additional objections to the report and recommendation as he has already filed objections of record (docs. 176 and 177).

s/Sylvia H. Rambo<br>United States District Judge

Dated: February 24, 2012.