IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FELDON BUSH, SR.; JAMES HILL; and ANTHONY ALLEN,**<br><br>　　　　**Plaintiff**<br><br>　　v.<br><br>**ED RENDELL, GOVERNOR,** *et al.,*<br><br>　　　　**Defendants** | **CIVIL NO. 1:10-CV-2246**<br><br>**(Judge Rambo)**<br><br>**(Magistrate Judge Mannion)** |

**M E M O R A N D U M**

**I.**　　**Background**

The plaintiffs commenced this civil rights action by filing a complaint on November 1, 2010. (Doc. No. 1). On December 27, 2010, the plaintiffs filed their first amended complaint, (Doc. No. 25), and on April 25, 2011, the plaintiffs filed a motion for a temporary restraining order/preliminary injunction ("TRO/PI"), (Doc. No. 53). On May 11, 2011, the magistrate judge to whom this matter was referred issued a Report and Recommendation that recommended the plaintiffs' motion for a TRO/PI be denied because (1) the relief sought by the plaintiffs was based on alleged past violations and there was no indication that there was a present threat of harm, and (2) the acts the TRO/PI sought to enjoin were not committed by any of the named defendants. (Doc. No. 59). After the issuance of that Report and Recommendation, the plaintiffs filed a motion for reconsideration of the Report and Recommendation which this court deemed as objections to the Report and Recommendation. *See* (Doc. No. 64) & (Doc. No. 92). In the objections to the Report and Recommendation, the plaintiffs asserted that mail to this court was

intercepted by correctional facility employees and sent back to plaintiffs, and that a court order sent to plaintiffs was opened by the warden. (Doc. No. 64). Based on that information, this court found that the mail tampering claim was ongoing and appeared to be a hindrance to plaintiffs' access to this court. (Doc. No. 92). Accordingly, on June 21, 2011, the court issued an ordered that stated:

> b) The recommendation that the motion for a temporary restraining order and preliminary injunction be denied is accepted in part. The recommendation is not accepted at this time as to the allegations of prison officials interfering with Plaintiffs' mailings to this court and disposition of the motion is deferred pending further order of court.
>
> 2) No later than July 6, 2011, Plaintiff Bush shall supply to this court the names of the prison officials allegedly interfering with his mail. To the extent that these persons are not named defendants in the present action, Plaintiff Bush shall file an amended complaint.

(Doc. No. 92 at 2).

Consequently, on June 30, 2011, the plaintiffs filed their second amended complaint, (Doc. No. 96). A review of that amended complaint revealed that plaintiff Bush had asserted claims against defendants Prime Care Medical, Inc., Nurse Dawn, Nurse Mary Ann, Lieutenant Flasher, Lieutenant Gordon and Mail Inspector Correctional Officer Calhoun. *Id.* More specifically, the plaintiff had brought claims regarding the interference with his mail against defendants Flasher, Gordon and Calhoun; claims regarding the medical care he had received against defendants Prime Care Medical, Inc., Nurse Dawn and Nurse Mary Ann; and retaliation claims against defendant Flasher. *Id.*

The magistrate judge found that "to the extent Plaintiff Bush had alleged any new claims against any newly added defendants that did not relate to his claims regarding interference with his mail, those newly added claims were improper." (Doc. No. 123.) These newly added claims regarded his medical

2

treatment and retaliation. The magistrate judge also noted that Plaintiff Bush's amended complaint had omitted the claims that were raised in the first amended complaint. (Doc. No. 25.) The magistrate judge directed the plaintiffs to file a third amended complaint by September 20, 2011 that contained (1) the claims the plaintiffs still wished to pursue that were raised in the first amended complaint (Doc. 25), and (2) Plaintiff Bush's claims regarding interference with his mail.

Accordingly, on September 16, 2011, the plaintiffs filed their third amended complaint. (Doc. 128.) In the third amended complaint, the plaintiffs indicate that:

> [T]he court misconstrued the plaintiffs' second amended complaint. It was not intended to remove the original defendants from this suit. The second amended complaint was only meant to be an add on to those claims that were already filed in the first well-pleaded amended complaint.
>
> Plaintiffs wish for this court to consider all claims already raised in the first original amended complaint with all of the evidence submitted by the plaintiffs . . . . <u>Plaintiffs respectfully request this court to reinstate the first original amended complaint and all claims raised therein</u>. As concerning the other defendants [that were newly added in the second amended complaint,] Lt. Flasher, Lt. Gordon, C/O Caloun, Prime Medical Care Inc., Nurse Dawn, and Nurse Lee Ann, the plaintiffs' will file a new complaint against those defendants.

*(Id.* at 3-4 (emphasis in original).)

As a result of the foregoing, the first amended complaint (Doc. 25) was deemed to be the operative complaint. (Doc. 128.)[1] The County and Commonwealth defendants filed motions to dismiss. The report and recommendation of the magistrate judge (Doc. 173) recommended that the motions to dismiss (Docs. 68 & 70) be granted; and the plaintiffs' motions for a temporary restraining

---

[1] The mail tampering claim was pursued in a separate action. *See* No. 1:11-CV-1738.

order/preliminary injunction (Doc. 53), for mandatory injunctions (Doc. 113), to compel (Doc. 131), and for a temporary restraining order (Doc. 147) be denied as moot.

On January 4, 2012, Plaintiff Allen filed a response and opposition to the report and recommendation (Docs. 176 & 177). On January 23, 2012, Allen filed a request to withdraw his response to the report and recommendation and stated his desire to file an appeal. (Doc. 180.) On January 6, 2012, and February 15, 2012, Plaintiff Bush filed Notices of Appeal. (Docs. 178 & 182.) Bush did not file objections to the report and recommendation. By order dated February 24, 2012 (Doc. 183), this court ordered that the notices of appeal be stricken and that Bush file objections to the report and recommendation by March 12, 2012. Bush filed objections on March 16, 2012 (Doc. 185). The objections of Plaintiffs Bush and Allen will be addressed.

## II.     Discussion

### A. Allegations in Amended Complaint

The gravamen of the plaintiffs' allegations is that there was a due process violation when they were transferred from a state correctional facility to a county jail. As a result of that transfer, the plaintiffs raised issues on behalf of state inmates for violations of First, Eighth and Fourteenth Amendment claims concerning conditions of confinement. Plaintiffs allege an Eighth Amendment claim concerning lack of medical care and a the Fourteenth Amendment equal protection claim,

alleging that the Department of Corrections treats inmates housed at county correctional facilities differently from other state inmates.[2]

### B. The Magistrate Judge's Recommendations

The magistrate judge recommended that the Commonwealth and County defendants were entitled to immunity insofar as they are sued in their official capacities. He also recommended that Centre County be dismissed in that there was no showing of a policy or custom by the county that caused a constitutional violation.

The magistrate judge further recommended that the due process claim be dismissed based on the fact that an inmate has no constitutional right to placement in any particular correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238, 251 (1983); *Jerry v. Williamson*, 211 Fed. Appx. 110, 112 (3d Cir. 2006) (citing 37 Pa. Code § 93.11(a)). Furthermore, 61 Pa. Cons. Stat. § 1151(a) specifically states that "[t]he Secretary or his designee may transfer inmates in the State correctional institution system to the jurisdiction of a county correctional institution system upon such terms and conditions that the Secretary or his designee and the chief administrator of the county correctional institution determine to be in the best interests of the Commonwealth."

The magistrate judge also recommended that the First, Eighth, and Fourteenth Amendment claims which were brought on behalf of state inmates be dismissed because the plaintiffs lacked standing to raise these challenges, (*see* footnote 2), and that Bush's Eighth Amendment claim of denial for dental care be dismissed because Bush did not show that any medical care defendant was

---

[2] The magistrate judge found that the plaintiffs lacked standing to raise claims on behalf of other inmates. *Allen v. Passiac County Jail*, No. 09-0408, 2009 U.S. Dist. LEXIS 1133560 at *10-11 (E.D. Pa., Dec. 4, 2009).

deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).

### C. Objections

#### 1. Plaintiff Bush's Objections

In his objections, Bush continues to assert that the Department of Corrections acted outside of the scope of its authority in its placement of him from a state correctional facility to a county facility. He claims the Department of Corrections policy violated legislative intent. It appears Bush is claiming that 61 Pa. Cons. Stat. § 1151 is a Department of Corrections policy. However, 61 Pa. Cons. Stat. § 1151 is legislation passed by the state legislature and is not a department policy. Therefore, the transfer was proper.

Bush's claim of denial of adequate medical care are either general statements or conclusory allegations. The only specific allegation is that Bush has been denied dental care. He alleges "that, although aware of his deteriorating condition, (hole in his wisdom tooth the size of a nickle) the defendants knowingly willfully and wantonly refused to procure readily-available medical treatment (extraction of tooth) which would have relieved his acute pain." (Doc. 185 at p. 10.) In his complaint, Bush states, "Plaintiff Bush has been complaining of toothaches and pain since his arrival here but to no avail." (Doc. 25 at p. 22.) Bush does not allege who denied him treatment for the toothache nor does he allege that a specific person was deliberately indifferent to his medical need. The statement in his objection to the report and recommendation that his tooth should have been extracted could be interpreted as a difference of opinion as to what medical treatment is required.

The court agrees with the magistrate judge that Bush has failed to state a cause of action under the Eighth Amendment.

### 2. Plaintiffs' Equal Protection Claim

The plaintiffs bring an equal protection claim against the defendants alleging that the Department of Corrections treats state inmates housed at county correctional facilities differently than other state inmates. In order for the plaintiffs to state an equal protection violation, they must show that they were similarly situated to, and treated differently from, other inmates, and that this discrimination was purposeful or intentional rather than incidental. *Washington v. Davis*, 246 U.S. 229, 239 (1976); *Tillman v. Lebanon County Corr. Facility*, 221 F.3d 410, 424 (3d Cir. 2000).

The complaint fails to state that the alleged discrimination was purposeful and intentional. In fact, the complaint specifically points out that the plaintiffs were transferred because of overcrowding. This objection is overruled.

### 3. Plaintiff Allen's Objections

Allen's objection to the report and recommendation is basically an argument that procedurally he has been severely disadvantaged. He claims that Plaintiff Bush has been permitted to amend the complaint while he has not been given the same opportunity. As noted above, however, the magistrate judge addressed the amended complaint (Doc. 25) as the operative document. That amended complaint was signed by Allen. At no time did Allen request an opportunity to file an amended complaint on his own behalf nor did he object to the magistrate judge's order (Doc. 168) designating the amended complaint as the operative complaint in this case.

Allen objects to the magistrate judge's finding that the county defendants are not liable under § 1983 under a theory of respondeat superior. Allen conclusorily states the "County defendants inflicted an injury upon the plaintiff Allen as a result of failure to train or supervise which caused the deliberate indifference to plaintiff's needs and condition of confinement." (Doc. 177 at p. 3.) These are conclusory allegations and do not rise to the specificity requires under *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544 (2007). Allen's objections are overruled.

### III.     Conclusion

For the reasons stated above, this court will adopt the report and recommendation of the magistrate judge. An appropriate order will be issued.

s/Sylvia H. Rambo<br>United States District Judge

Dated: April 10, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FELDON BUSH, SR.; JAMES HILL; and ANTHONY ALLEN,**<br><br>　　　　　　**Plaintiff**<br><br>　　v.<br><br>**ED RENDELL, GOVERNOR,** *et al.,*<br><br>　　　　　　**Defendants** | **CIVIL NO. 1:10-CV-2246**<br><br>**(Judge Rambo)**<br><br>**(Magistrate Judge Mannion)** |

# **O R D E R**

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The court adopts the report and recommendation of Magistrate Judge Mannion (Doc. 173).

2) The County Defendants' motion to dismiss (Doc. 68) is **GRANTED**.

3) The Commonwealth Defendants' motion to dismiss (Doc. 70) is **GRANTED**.

4) Plaintiffs' motions for a temporary restraining order/preliminary injunction (Doc. 53), for mandatory injunctions (Doc. 113), to compel (Doc. 131), and for a temporary restraining order (Doc. 147) are **DENIED AS MOOT**.

5) The Clerk of Court shall close this file.

6) Any appeal from this order will be deemed frivolous and not taken in good faith.

　　　　　　　　　　　　　　　　　　　　s/Sylvia H. Rambo
　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated:  April 10, 2012.